UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARRON MICHAEL NEWLAND,

        Petitioner,               Case Number: 2:10-CV-12669
                                                   HON. PATRICK J. DUGGAN

v.

DEBRA SCUTT,

        Respondent.
                                    /

## **ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

      This is a habeas corpus petition filed under 28 U.S.C. § 2254. Petitioner is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. Petitioner pleaded no contest in the Circuit Court for Branch County, Michigan to one count of second-degree criminal sexual conduct. On July 29, 2005, the trial court sentenced him to five to fifteen years' imprisonment. For the reasons set forth below, the Court dismisses the petition without prejudice.

      Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner's application for habeas relief

asserts only unexhausted claims; therefore, the petition will be dismissed.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845, 119 S. Ct. at 1732 (internal quotation omitted). Michigan prisoners must raise their claim(s) in the Michigan Court of Appeals and Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner fails to satisfy his burden of showing exhaustion of state court remedies. He fails to state that he has appealed his conviction to the Michigan Court of Appeals or Michigan Supreme Court. His claims, therefore, are unexhausted. Because the petition contains no exhausted claims, there is nothing over which the Court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (internal quotation marks and citation omitted). Thus the Court will adopt the safeguards approved by the Sixth Circuit in *Hargrove*, 300 F.3d at 719-721. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition (i.e. June 29, 2010) until he returns to federal court. This tolling of the limitations period *is conditioned upon* Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and . . . return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 721. At this time, the Court makes no finding regarding the timeliness of this petition.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to " issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). However, when a district court denies habeas relief on

procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the district court was correct in its procedural ruling. *Id*. at 484-85, 120 S. Ct. at 1604.

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

DATE:August 9, 2010       s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copy to:
Barron Newland, #423604
G. Robert Cotton Correctional Facility
3500 N. Elm Road
Jackson, MI  49201